The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611
Dear Senator Bradford:
This is in response to your request for an opinion regarding Act 266 of 1991 and Act 636 of 1989.[1] You have asked for an opinion outlining the legal and procedural differences between these two acts.
Act 266 of 1991 (codified at A.C.A. §§ 9-15-101—211 (Supp. 1991)) is similar to Act 636 of 1989 in many ways, but does differ from that act in certain respects. As a procedural matter, Act 266, like Act 636, allows the filing of a "Petition for Order of Protection" in chancery court. A.C.A. §§ 9-15-201 and -203 (Supp. 1991). Act 266 specifies, however, that "[t]he petition shall be filed in the county where the petitioner resides, where the alleged incident of abuse occurred, or where the respondent may be served. A.C.A. § 9-15-201(b) (Supp. 1991). With regard to the writing and filing of a petition, Act 266 states that court clerks shall provide simplified forms "and clerical assistance" if the petitioner is not represented by counsel. A.C.A. §9-15-203(a) (Supp. 1991). The petition requirements under §9-15-201 are, otherwise, essentially the same. Act 266 continues the prohibition against initial filing fees or service costs, and the provision for assessment of filing fees at the full hearing. A.C.A. § 9-15-202 (Supp. 1991). The procedures for a hearing are substantially the same under the two acts. See A.C.A. §§9-15-204 and -206 (Repl. 1991 and Supp. 1991) (hearing to be ordered within fourteen days of the filing of a petition, or at the next court date, whichever is later, with provision for an ex-parte temporary order of protection pending a full hearing, to be held within ten days from the issuance of the temporary order).
Section 10 of Act 266 (A.C.A. § 9-5-207 (Supp. 1991)) continues language from Act 636 of 1989, formerly found in A.C.A. § 9-15-104 (Repl. 1991), with regard to the enforcement of orders of protection by law enforcement agencies with proper jurisdiction. See A.C.A. § 9-5-207(a) (Supp. 1991). Act 266 of 1991, like Act 636 of 1989, requires that orders of protection include a notice that violation of the order is a Class A misdemeanor. A.C.A. § 9-15-207(b) (Supp. 1991). However, Act 266, § 10, adds a provision stating that "[j]urisdiction for the criminal offense of violating the terms of an order of protection shall be with the circuit court or other courts having jurisdiction over criminal matters." A.C.A. § 9-15-207(c) (Supp. 1991). Act 266 also differs from Act 636 in 1989 in that it does not contain provisions found in Act 636, other than as noted above, regarding arrest for violation of an order of protection or what constitutes the offense of violation of an order.[2] See Act 636 of 1989, § 5 (A.C.A. §§ 9-15-104(b) and 9-15-210 (Repl. 1991). Language in Act 636 of 1989, § 3, with regard to warrantless arrest for domestic abuse (A.C.A. §9-15-103 (Repl. 1991)) is also absent from Act 266 of 1991.
Section 13 of Act 266 repealed A.C.A. § 12-11-105 (peace bond statute) and A.C.A. § 16-113-307 (concerning physical violence or threat by spouse).
A substantive difference between the two acts is reflected in the sections setting forth the form of the petition and the relief that may be authorized. Unlike Act 636 of 1989, Act 266 of 1991 contains no provision for requesting the court to "[r]estrain the abusing party from committing acts of domestic abuse." See Act 636 of 1989, § 4 (A.C.A. § 9-15-205(a)(1) (Repl. 1991)). This language does not appear in the relief section of Act 266 (A.C.A. § 9-15-205 (Supp. 1991), or in the suggested form of the petition (A.C.A. § 9-15-203 (Supp. 1991)).
Act 266 also departs from Act 636 of 1989 in its inclusion of a severability clause (§ 16 of Act 266 of 1991) and a provision stating that the circuit court shall have jurisdiction, pursuant to art. 7, § 11 of the Arkansas Constitution, "[i]f any provision of this act granting jurisdiction in the chancery court is held invalid or if for some reason the chancery court cannot exercise jurisdiction under this act." Act 266 of 1991, § 14; A.C.A. §9-15-211 (Supp. 1991).
It should be noted, finally, that Act 266 of 1991 contains a "Purpose" section not found in the 1989 act which sets forth legislative findings with respect to the "important governmental interests in the protection of victims of abuse and the prevention of further abuse through the removal of offenders from the household and other injunctive relief for which there is not adequate remedy in current law." A.C.A. § 9-15-101 (Supp. 1991). The legislature expresses, under this section, its belief that the equitable nature of the remedy requires that the proceedings be placed under the jurisdiction of the chancery courts. Id.
The foregoing hopefully provides a sufficient outline of the procedural and substantive differences between Act 266 of 1991 and Act 636 of 1989.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Act 636 of 1989 was ruled unconstitutional by the Arkansas Supreme Court in the case of Bates v. Bates, 303 Ark. 89,793 S.W.2d 788 (1990).
[2] The offense of violation of an order of protection is now set forth in Act 267 of 1991, as amended by Act 1236 of 1991 (codified at A.C.A § 5-53-134 (Cum. Supp. 1991)).